IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| EQUITASDX, LLC and SERVUSCARE LLC, both Oregon Limited Liability Companies | ) ) ) ) | Case No.<br><br>COMPLAINT (Breach of Contract, Unjust Enrichment, Quantum Meruit) |
| Plaintiffs, | ) ) ) | Filing Fee: $594<br>Fee Authority: ORS 21.160(1)(c) |
| v. | ) ) | |
| Edison Evolution, LLC, an Oklahoma limited liability company; | ) ) ) ) | CLAIM NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Prayer: $749,454.74 |
| Defendant. | ) | |

Plaintiffs EquitasDX LLC and ServusCare LLC allege:

**Parties, Jurisdiction, and Venue**

1.

Plaintiff EquitasDX, LLC ("Equitas") is an Oregon limited liability company with its principal place of business in Multnomah County, State of Oregon.

2.

Plaintiff ServusCare, LLC ("ServusCare") is an Oregon limited liability company with its principal place of business in Multnomah County, State of Oregon.

3.

Page 1 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

Notice of Removal - Exhibit A
Page 1 of

1   Both Plaintiffs are owned by Veritas Allies, LLC, which is the parent company of a group of subsidiary companies that operate to provide a variety of cost containment and medical management services to clients who work in the self-insured healthcare industry.

4.

Defendant is an Oklahoma limited liability company that provides administrative and consulting services to clients across the United States.

5.

Prior to forming the contractual relationships described below, representatives of Plaintiffs and Defendant met on several occasions in the states of Oregon, Texas, and Oklahoma to discuss how Plaintiff could service Defendant's existing business through two of Plaintiff's subsidiary companies, EquitasDX and ServusCare.

6.

Jurisdiction and venue are proper in this Court.

**Factual Background**

7.

Equitas provides medical claims services such as provider contracting, medical claims analysis, auditing, repricing, and advocacy.

8.

ServusCare is a company that provides a variety of medical management services, including nurse triage, case management, utilization review, disease management, and clinical oversight/medical director review.

Page 2 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

Notice of Removal - Exhibit A
Page 2 of

9.

Defendant provides administrative and consulting services to employers with self-sponsored employee welfare benefit plans and services clients in a number of states across the U.S.

10.

In the fall of 2021, Plaintiffs and Defendant met in Austin, Texas to discuss the ways in which Plaintiffs' companies could work with Defendant to provide cost containment and medical management services to Defendant's clients across the U.S.

11.

At a subsequent meeting at Defendants' offices in Oklahoma, Defendant expressed a desire to purchase Veritas Allies and its subsidiaries, or as an alternative, to buy a significant interest in Veritas Allies and its subsidiaries and then integrate them into Defendants' overall business.

12.

In furtherance of the business talks between Plaintiff and Defendant, Veritas Allies sent Defendant a Mutual Non-disclosure Agreement, ServusCare sent a Global Client Agreement for ServusCare, and Equitas sent a Client Agreement for Equitas.

13.

Both Veritas Allies and Defendant signed the Mutual Non-Disclosure Agreement on November 4, 2021.

14.

On December 20, 2021, Defendant requested that ServusCare begin performing utilization review and case management services for Defendant, prior to the signing of the Global Client Agreement, because Defendant needed immediate support for the existing nursing staff it was

Page 3 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**Notice of Removal - Exhibit A**
**Page 3 of**

1   employing at that time.

2                                               15.

3   ServusCare took over the utilization review and case management services that were being
4   performed by Defendants' nursing staff, and also agreed to hire them – at great expense to itself –
5   because Defendant disclosed that it intended to fire them if ServusCare could not provide them
6   employment.

7                                               16.

8   In February of 2022, Defendant met with Plaintiffs' representatives at its annual sales
9   conference in the state of Oregon and further collaborated on the ways in which the parties might
10  expand their business together, including the possibility of a merger or acquisition.

11                                              17.

12  On February 23, 2022, immediately following the sales conference in Oregon, ServusCare
13  and Defendant signed the Global Client Agreement and ServusCare continued to provide the
14  utilization review and case management services it was performing for Defendant.

15                                              18.

16  On August 8, 2022, Equitas began performing claims auditing and repricing for Defendant
17  through its company Equitas. Defendant requested the services, and knew the services were being
18  performed.

19                                              19.

20  In early August, Defendant contacted Equitas alleging that 1,304 of the claims that Equitas
21  had audited and repriced were sent in error. The total amount owed to Equitas by Defendant for
22  those allegedly erroneous claims amounted to $169,454.74.

23                                              20.

Page 4 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**Notice of Removal - Exhibit A**
**Page 4 of**

1        Equitas agreed to forgive the $169,454.74, contingent upon Defendant's agreement that it

2  would work with Equitas to correct the error, in order to avoid a future recurrence, and that

3  Defendant would also send additional future business to Equitas to make up for the loss.

4                                                                                   21.

5        Equitas recommenced its work with Defendant and began processing claims for Defendant

6  again on August 23, 2022.

7                                                                                    22.

8        Equitas continued to audit and reprice claims for Defendant through December 2022,

9  without any indication from Defendant that there were any issues.  Each month, Equitas would

10 send Defendant an invoice for the services provided that month.

11                                                                                    23.

12       In October of 2022, Equitas began notifying Defendant that it would begin incurring a 5%

13 late fee on past due invoices, per the terms of the Equitas Client Agreement, for nonpayment of

14 August and September invoices.

15                                                                                    24.

16       Defendant did not make any objections to the invoices sent by Equitas, nor the interest it

17 was incurring on the past due invoices, which amounted to over $400,000.00

18                                                                                   25.

19       Defendant made numerous representations that it had issued checks for the past due

20 invoices and even sent a snapshot of a check in the amount of $120,000.00.

21                                                                                   26.

22 Defendant never sent payment to Equitas, and instead, on December 27, 2022, notified

23 Plaintiff that it was conducting an audit to determine if additional claims had been sent in

Page 5 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW First Avenue, Suite 1170
Portland, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**Notice of Removal - Exhibit A**
**Page 5 of**

error from August through December of 2022.

27.

On December 30, 2022, Defendant notified Equitas that it believed all of the invoices that Equitas had audited and repriced were sent in error and, therefore, would not be paying Equitas anything.

28.

In addition to the above, Defendant also informed Equitas in early 2023, that it had moved all of the clients that were being serviced by ServusCare to a new vendor for case management services.

29.

ServusCare made Defendant aware that it was in breach of contract for failing to provide proper notice of termination, as articulated in the ServusCare Global Client Agreement, which requires 90 days prior written notice. In addition, the Global Client Agreement included an automatic 12-month renewal term, if not cancelled at least 90 days prior to the renewal date, which was in November of 2022.

30.

Defendant claimed that the Global Client Agreement did not apply to its clients and that it only applied to Veritas and Defendant directly.

31.

Defendant stopped responding to Plaintiffs in February 2023 and has ignored all invoices from Equitas and ServusCare, despite both companies continuing to receive claims and requests from clients of Defendant.

**FIRST CAUSE OF ACTION:**

Page 6 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**Notice of Removal - Exhibit A**
**Page 6 of**

SERVUSCARE'S CLAIM OF BREACH OF CONTRACT

Plaintiff ServusCare incorporates by reference the preceding allegations above as though fully restated herein.

32.

ServusCare sent Defendant a copy of the Global Client Agreement used by ServusCare for services it performs in the healthcare sector. Both parties signed the Global Client Agreement and ServusCare performed services in accordance with the terms of the Agreement.

33.

Defendant breached the Global Client Agreement by failing to provide proper notice of termination before terminating the business being provided by ServusCare to Defendant's clients and transferring them to a competitor company.

34.

As a result of Defendant's breach of the Global Client Agreement, Plaintiff has suffered damages in an amount not to exceed $180,000.00, including but not limited to attorneys' fees and costs/expenses.

**SECOND CAUSE OF ACTION:**

EQUITAS' CLAIM OF BREACH OF CONTRACT

Plaintiff incorporates by reference the preceding allegations above as though fully restated herein.

35.

Equitas and Defendant entered into an Agreement concerning Claims repricing services.

36.
Equitas performed the services under the Agreement.

Page 7 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

Notice of Removal - Exhibit A
Page 7 of

37.

Defendant breached the Agreement by refusing to provide the compensation due under the Agreement.

38.

As a result of Defendant's breach of the Client Agreement, Plaintiff has suffered damages in an amount not to exceed $569,454.74, including but not limited to attorneys' fees and costs/expenses.

### THIRD CAUSE OF ACTION:

EQUITAS' CLAIM OF UNJUST ERICHMENT AND QUANTUM MERUIT

Plaintiff incorporates by reference the preceding allegations above as though fully restated herein.

39.

Equitas' claim repricing on behalf of defendant conferred a benefit.

40.

Defendant was aware of the benefit because it requested it and received the work.

41.

It would be unjust for Defendant to receive the benefit without providing payment according to the terms the parties agreed upon.

42.

Equitas's damages resulting from the claim are in an amount estimated not to exceed $569,454.74, plus costs.

WHEREFORE,

Page 8 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

Notice of Removal - Exhibit A
Page 8 of

1. Plaintiff ServusCare respectfully requests that this Court grant judgment in its favor and against Defendant for breach of contract, or in the alternative, its claim for quantum meruit and unjust enrichment in accordance with the following:

    a. Cause of Action 1: Breach of Contract: $250,000.00, plus costs and attorneys' fees.

2. Plaintiff EQUITAS DX respectfully requests that this Court grant judgment in its favor and against Defendant for breach of contract with Plaintiff for failure to pay for services rendered in accordance with the following claims:

    a. Cause of Action 2: Breach of Contract. $569,454.74, plus costs and attorneys' fees.

    b. Cause of Action 3: Quantum Meruit and Unjust Enrichment: $569,454.74, plus costs.

In all, Plaintiffs prays this Court to grant judgment in its favor and against Defendant for damages amounting to $749,454.74, together with reimbursement of attorneys' fees, costs, and expenses, pre- and post-judgment interest, and any and all other relief this Court deems just and proper. Plaintiff further requests leave to amend this Petition, if necessary, based on the Court's declaratory rulings, factual findings, or legal determinations, as requested herein.

Dated this 17th day of March, 2023.

ENGRAV LAW OFFICE, LLP

By: /s/ Grant T. Engrav
    Grant T. Engrav, OSB No. 133517
    Of Attorneys for Plaintiff

Page 9 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**Notice of Removal - Exhibit A**
**Page 9 of**